# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARJIL LEE BERGARA**, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:07CV00071 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Marjil Lee Bergara, Pro Se Petitioner; S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Respondent.*

Marjil Lee Bergara, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Respondent has filed a Motion to Dismiss, arguing that Bergara is bound by a valid plea agreement waiver of his right to bring this action and that he was not sentenced above the statutory maximum as he alleges. Upon review of the merits, I find that the Motion to Dismiss must be granted.

I

Bergara was charged in an eleven-count superceding indictment in this court with committing various but related types of fraud. Pursuant to a written plea

agreement, Bergara pleaded guilty to Count Seven, which alleged that he had engaged in money laundering while on pretrial release, in violation of 18 U.S.C.A. §§ 1957 and 3147 (West 2000 & Supp. 2006). The other counts against Bergara were dismissed. The plea agreement stipulated that because Bergara committed the offense while on pretrial release, he was subject to a maximum sentence of 240 months imprisonment and a fine of $250,000.[1] The agreement also stipulated that Bergara would receive several sentence enhancements, including one for the amount of loss, one for obstruction of justice, and one for money laundering, and that the government would argue for an upward departure, based on his criminal history. Also through the agreement, Bergara waived his right to appeal and his right to collaterally attack his conviction or sentence pursuant to § 2255, and agreed to forfeit property and pay restitution. All of these factors were reviewed with Bergara in open court during the plea hearing.

The present § 2255 motion was signed by the petitioner on February 11, 2007. In his motion, Bergara claims that he was wrongfully sentenced to twenty years, although the statute under which he was convicted, 18 U.S.C.A. § 1957, authorized

---

[1] The Bail Reform Act provides that "[a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of imprisonment of not more than ten years if the offense is a felony," consecutive to any other sentence. 18 U.S.C.A. § 3147 (West 2000).

- 2 -

a maximum sentence of ten years, and that counsel was ineffective for failing to object to the wrongful sentence in the trial court and on appeal. Bergara asserts that the government argued for enhancements that illegally increased his total sentence above the ten-year maximum allowed under § 1957.

II

Respondent argues that Bergara waived his right to bring his current claims. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Bergara does not dispute the validity of his guilty plea or the waivers included in his plea agreement.[2] He argues instead that his current claims fall outside the scope of the waiver provision in his plea agreement because he was sentenced in excess of the statutory maximum and that counsel provided ineffective assistance at sentencing and on appeal in failing to raise this claim. Even assuming without deciding that Bergara's claims fall outside the scope of his waiver, I find his claims to be without merit.

The record reflects that Bergara was not sentenced above the statutory maximum. He asserts that he should only have been sentenced to a maximum of ten years under § 1957(b). He ignores the fact that he was also convicted under § 3147,

---

[2] Bergara expressly states that he does not want to invalidate his plea agreement, but rather seeks only to be resentenced to ten years imprisonment.

which authorizes an additional sentence of up to ten years, consecutive to the sentence for the offense itself, if the offense was committed while the defendant was on pretrial release related to an earlier indictment. Bergara has not contested the government's proffer during the plea hearing that he committed his offense under § 1957 while he was on pretrial release from another indictment. Thus, he fails to demonstrate that his twenty-year sentence exceeds the maximum sentence authorized by the statutes under which he was convicted.

To prove that his counsel's assistance was so defective as to require reversal of his conviction or sentence, a convicted defendant must meet a two prong standard, showing both counsel's deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show defective performance, petitioner must show that counsel's actions fell outside the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. To satisfy the prejudice prong, petitioner must demonstrate "a reasonable probability" that but for counsel's unprofessional errors, the result reached by a reasonable and impartial fact finder would have been different. *Id.* at 694-95.

Bergara's ineffective assistance claim clearly fails under *Strickland*. Because Bergara's twenty-year sentence was not illegal, counsel did not perform unreasonably in failing to object to, or appeal, that sentence on the grounds Bergara asserts.

Moreover, as the sentence was not illegal, Bergara cannot show any probability that but for counsel's omission, the outcome at sentencing or on appeal would have been different. Indeed, the record reflects that Bergara received a sentence fully consistent with his plea agreement.

III

For these reasons, the motion fails to allege any ground upon which Bergara is entitled to relief under § 2255. Accordingly, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

ENTER: March 8, 2007

/s/ JAMES P. JONES
Chief United States District Judge