# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **MARJIL LEE BERGARA**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:07CV00071 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Marjil Lee Bergara, Pro Se Petitioner.*

The court has received a letter from the petitioner, Marjil Lee Bergara, stating that in June of this year he attempted to file a second motion for reconsideration of a judgment entered in this case on March 8, 2007. In that judgment, I dismissed as meritless Bergara's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Although the court never received or docketed Bergara's second motion for reconsideration, I will direct the clerk to docket the alleged copy of the motion attached to Bergara's recent letter. Upon review of the record, however, I must deny the motion.

Bergara argues in his current motion that he was entitled to a resentencing hearing, because the March 2007 judgment made his sentence more onerous. I find

no merit to this argument. Pursuant to a written plea agreement, Bergara pled guilty to one count charging that he had engaged in monetary transactions involving property with a value in excess of $10,000 derived from unlawful activity while on pretrial release, in violation of 18 U.S.C.A. § 1957 (West 2000) and 18 U.S.C.A. § 3147 (West Supp. 2006). Finding that Bergara's Criminal History Category of V under-represented the seriousness of his actual criminal record and the likelihood of recidivism, I departed upward from the guideline range and announced my intention to sentence him to a total of twenty years. Originally, I imposed a sentence of 180 months under the statute of offense, § 3147, and a consecutive sentence of 60 months under the enhancement provision, § 1957, for a total of 240 months or twenty years imprisonment. Because both of these sections carry a ten year maximum sentence, however, on April 11, 2007, I ordered that Bergara's sentence be corrected pursuant to § 2255, in order that he receive ten years under each statutory section. As Bergara's corrected sentence is not more onerous than the total sentence of twenty years that I calculated at his sentencing hearing and is based on the same factors, I find no indication that a resentencing hearing is necessary as part of the sentence

correction process. *See United States v. Hadden*, 475 F.3d 652, 667-69 (4th Cir. 2007).[1]

In accordance with the foregoing, it is **ORDERED** that the clerk is DIRECTED to docket the motion attached to the petitioner's letter (Dkt. No. 14) as a Second Motion for Reconsideration and that the Second Motion for Reconsideration is hereby DENIED.

>ENTER: September 6, 2007
>
>/s/ JAMES P. JONES
>Chief United States District Judge

---

[1] The case law that Bergara cites in support of his arguments for a resentencing hearing is not persuasive. The first case he cites is clearly distinguishable from this case on the facts. *United States v. Lawrence*, 248 F.3d 300, 301 (4th Cir. 2001), concerns a situation in which the court of appeals remanded a criminal case for recalculation of the appropriate sentence. The decision holds that the defendant in that case should have been physically present in the courtroom for resentencing, because he had not demonstrated a tendency to be disruptive in the courtroom and had objected to being allowed to participate in the resentencing hearing only via videoconferencing. The other case, *United States v. Bly*, 328 F.3d 1262, 1265-66 (10th Cir. 2003), is also factually distinguishable. The district court in *Bly* increased the defendant's total sentence of imprisonment from 120 months to 180 months without a resentencing hearing. *Id*. Neither of these cases involved a simple sentence correction under § 2255, as in Bergara's case.